[Minge v. Clark.]

# Minge *v.* Clark.

### Bill for Injunction.

(Decided May 18, 1916.  72 South. 167.

1. **Pledge.**—Since the law affords remedies to redeem property pledged as security for the performance of a contract, a bill in equity will not lie.

2. **Mortgages; Pledges; Distinction.**—In a mortgage the legal title is vested in the mortgagee, leaving the mortgagor with only an equitable title which only a court of equity can enforce, but in the matter of a pledge, the pledgor retains the legal title to the property, and a court of law can act upon and enforce it.

3. **Pledges; Payment; Effect.**—The payment or tender of payment by the pledgor of the debt secured extinguishes the lien of the pledgee, leaving in the pledgee the naked possssion exposed to the pledgor's action at law to recover it.

4. **Same; Redemption; Remedy.**—The mere failure of the plaintiff pledgor to perform a condition precedent necessary to equip him to maintain an action at law does not authorize a court of equity to interfere and relieve him of the consequences, as where a pledgor, suing in detinue for the recovery of the pledge, omitted to pay or tender to the pledgee the amount due.

5. **Same; Equity.**—The offer of the pledgor to pay the pledgee any amount which might be due on the contract did not give a bill to redeem property pledged as the security for the performance of a contract equity.

6. **Same.**—Where complainant had several adequate remedies at law upon paying or tendering the pledgee the amount due on the contract a bill to redeem the pledged property was not good as one for a specific performance.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. E. J. GILDER.

Bill by John H. Minge against W. C. Clark and others. From a decree for respondents, complainant appeals. Affirmed.

The following is the decree of the law and equity court:

(1) This cause, coming on to be heard, was submitted upon respondents' motion to dissolve the injunction issued in the cause and upon respondents' demurrers to complainant's bill of complaint, was argued by counsel, and duly considered by the court. The bill shows that complainant has obtained possession of the bonds and certificates of stock, described therein, by executing as plaintiff a forthcoming bond in a detinue action in which he was cast, and now he seeks to enjoin the sheriff from returning to the defendants in said detinue action the certificates of stock,

[Minge v. Clark.]

delivered to said sheriff by him, and also the execution to the sheriff of the bonds within the time fixed by law. To that extent the bill is one to redeem property pledged as security for the performance of a contract. Unless there is some other ground in the bill giving it equity, the bill is without equity, as the law affords remedies to redeem property so pledged.

(2, 3) The distinction between a mortgage and a pledge is that in the mortgage the legal title is vested in the mortgagee, leaving the mortgagor with only an equitable title, which only a court of equity can enforce, while in the pledge the pledgor retains his legal title to the property pledged, which a court of law can act upon and enforce. Payment or tender of payment by the pledgor of the debt so secured extinguishes the lien of the pledgee, and leaves him in the naked possession of the pledgor's property, exposed to and without a defense against the pledgor's appropriate action at law.

(4) The bill shows that complainant sought the aid of a court of law to recover the property pledged, but that he omitted to pay or make a tender of the amount due on the contract, for the payment of which it was pledged to secure, which was a prerequisite to a successful termination in his favor of his action in detinue. The mere failure of a party to perform a condition precedent necessary to equip him to maintain an action at law does not authorize a court of equity to interfere and relieve such party from the consequences. If there is nothing due respondent Clark by complainant on the contract so secured by the pledge, as is alleged in the bill, the law courts have been open to complainant, offering him several adequate remedies for redress, and if there is anything due on the contract he has still had these opportunities, conditioned upon a proper tender made. Whether the results of the several actions at law growing out of these transactions have determined complainant's rights in the premises is not a question for this court in this case to decide.

(5, 6) The court does not think that the offer of complainant to pay any amount which may be due on the contract gives the bill equity; neither does the court believe that the bill shows a sufficient complication of accounts between the parties to warrant an accounting in equity; nor that the bill is good as one for specific performance, in view of complainant's several adequate remedies at law upon performance by complainant of his part of the contract. It does not seem to the court that there is any

[Minge v. Clark.]

equity in the cause of action pending in the city court of Birmingham, described in paragraph X of the bill; it being an action by respondent Clark against complainant for breach of said contract, against which action complainant has his full and adequate defenses, if the facts are correctly stated on his bill. With this view of the whole case presented by the bill the court is of the opinion that there is no equity in the bill, that said motion to dissolve the injunction should be granted, and that respondent's demurrers are well taken.

It is therefore, upon consideration, ordered, adjudged, and decreed that said injunction be, and the same is hereby, dissolved upon respondents W. C. Clark and G. O. Miller entering into bond in the sum of $10,200, payable to, and to be approved by the register of this court, conditioned to refund the money and interest they may collect on said judgment, if the same is, on the final hearing of the bill, perpetually enjoined, and that said demurrers be, and the same are hereby, sustained. And it is further ordered that complainant be and he is hereby allowed 30 days in which to offer an amendment to his bill, if so advised. And it is further ordered, adjudged, and decreed that said injunction be reinstated pending appeal, upon complainant entering into bond in the sum of $10,200, payable to respondents W. C. Clark and G. O. Miller, and approved by the register of this court, conditioned on the dissolution of such injunction, to pay the amount of the judgment enjoined, with interest, and also such damages and costs as may be decreed against complainant.

LONDON & FITTS, and E. E. TAYLOR, for appellant. GEORGE PEGRAM, DAVIS & FITE, and BANKHEAD & BANKHEAD, for appellee.

PER CURIAM.—We have carefully examined the questions presented by this appeal, and are of the opinion that the decree of the law and equity court should be affirmed, for the reasons therein stated.

Affirmed.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.