(92 South. 546)

GOAD v. HARRIS. (8 Div. 342.)

(Supreme Court of Alabama. April 20, 1922.)

1. Bailment ⬤⟞16—Bailee's use of truck for purpose other than that contemplated held to entitle bailor to recover for conversion.

Where defendant in possession of plaintiff's truck as bailee for hire pending negotiations for purchase used the truck for a purpose other than that contemplated by the bailment, the plaintiff could recover in an action for conversion.

2. Appeal and error ⬤⟞979(2)—Setting aside of verdict because contrary to great weight of evidence not disturbed.

A supreme court cannot interfere with the action of the trial court in setting aside the verdict on the ground that it was contrary to the great weight of the evidence.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Action by Frank S. Harris against A. S. Goad for damages to a truck and for conversion. There was judgment for the defendant, which on motion of the plaintiff was set aside, and from this judgment defendant appealed. Affirmed.

Wert & Hutson, of Decatur, for appellant.

There was no error in charging out the counts for conversion. 7 Ala. App. 279, 61 South. 29; 90 Ala. 215, 7 South. 914, 24 Am. St. Rep. 789. The evidence justified the verdict, and the court was in error in setting it aside.

E. W. Godbey, of Decatur, for appellee.

The action of the court is justified because of its error in charging out the conversion counts. 112 Ala. 267, 20 South. 480, 57 Am. St. Rep. 33. The court saw the witnesses, know of the injustice of the verdict, and properly set it aside.

SAYRE, J. Appellees sued appellant in an action for damages alleging in several counts that appellant, while in possession of appellee's auto truck, as bailee for trial pending negotiation for a purchase, had negligently misused and abused the truck, whereby it was greatly damaged. Counts in trover were added. The court charged out the counts in trover, and the jury found for defendant on the remaining counts. But on a motion for a new trial the court set aside the verdict and awarded a venire de novo. Thereupon defendant appealed.

[1] The action of the court on the motion may be justified—must be—for the reason that the court had committed error in charging out the trover counts. There was evidence that the use made by defendant of the truck constituted a material departure from the use contemplated by the bailment, and that in so doing defendant grievously misused and abused plaintiff's truck, and on this evidence plaintiff's right to recover as for a conversion should have been submitted to the jury. Weller v. Camp, 169 Ala. 275, 52 South. 929, 28 L. R. A. (N. S.) 1106; Fail v. McArthur, 31 Ala. 26; Glaze v. McMillion, 7 Port. 279.

[2] Or, if the trial court was of opinion that the great weight of the testimony was in favor of plaintiff's case under the counts for negligence, and so set aside the verdict for that reason, this court could not properly interfere. Cobb v. Malone, 92 Ala. 630, 9 South. 738.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes