**HALL et al. v. MILLIGAN.**

4 Div. 466.

Supreme Court of Alabama.

May 15, 1930.

A. Whaley, of Andalusia, for appellants.

A. R. Powell, of Andalusia, for appellee.

FOSTER, J.

Appellants filed a bill in equity to redeem personal property from an equitable mortgage. Some of it consisted of what is called range cattle duly marked, but allowed to live upon the open lands of Florida. Some of the cattle was alleged to be in Covington county, Ala. The mortgage was executed in Covington county, Ala., and the parties to it lived there. An amendment to the bill alleged that prior to the filing of the suit in Covington county, Ala., by appellants, the respondent filed a bill in chancery in Florida to foreclose the mortgage and appellants were named as parties respondent to that suit. In said suit in Florida the complainant in it obtained the issuance of a writ of attachment. The attachment writ was levied upon the range cattle in Florida. In said suit and apparently after appellants had filed their bill to redeem, notice by publication was given to them as respondents. It is also alleged that process issued by the Florida court was served upon appellants, but that they made no appearance in said court, and "have not waived the right to have the subject matter of this suit, and the matters incident thereto, determined by this court in this cause." The date of the service of that process is not stated. Appellants in an amendment prayed for an injunction against the prosecution of the Florida suit. A temporary injunction was ordered and issued and executed.

At a later date the court sustained demurrer to this bill as amended. The grounds of demurrer only went to the equity of the bill as a whole. Thereafter another amendment was filed alleging that notwithstanding the injunction, complainant in the Florida suit continued to prosecute it, and obtained a decree under which the cattle in that state were sold; that this was a willful and intentional violation of the injunction; and that appellee should be required to place appellants, as complainants, in statu quo, and should be precluded from defending this cause until he should purge his wrong, and be in position to come into the cause with clean hands. There was no special prayer as a part of this last amendment.

Upon the same grounds of demurrer being interposed to the bill as thus amended, the court entered a decree sustaining them, and the appeal is from that decree.

The general rule is that a suit in equity to foreclose a chattel mortgage is transitory and not local, and it is ordinarily immaterial to the jurisdiction of the court where the property may be if the court has jurisdiction of the defendant. Jones on Chattel Mortgages (5th Ed.) § 782; 11 Corpus Juris, 721. Of the nature of a foreclosure suit, 3 Jones on Mortgages (8th Ed.) § 1841, has the following statement: "A foreclosure suit in its usual form is partly an action in rem, for the seizure and sale of the property, and partly an action in personam, for the ascertainment of the debt of the mortgage debtor, and obtaining a personal judgment against him. When no personal judgment is sought the suit is essentially a proceeding in rem, and service by publication, when this is allowed by statute, is sufficient to give jurisdiction." To the same effect is the text of 42 Corpus Juris. 29, § 1525. It appears to us that the above statement is obviously correct, in suits for the foreclosure of mortgages on either real or personal property.

The general rule is that the courts of one state may take jurisdiction of a transitory cause of action originating in another state, when defendant has been locally found and served, although both parties are at the time domiciliary residents of the foreign state. Weaver v. A. G. S. R. Co., 200 Ala. 432, 76 So. 364. (Now controlled by statute in Alabama, section 5681, Code.) This prior to the statute had certain limitations pertaining to foreign corporations. Dozier Lbr. Co.

v. Smith, etc., Co., 145 Ala. 317, 39 So. 714; Jefferson Island Salt Co. v. E. J. Longyear Co., 210 Ala. 352, 98 So. 119.

It is also, of course, well understood that a court of equity will entertain a bill to redeem personal property from a mortgage. Harmon v. Dothan Nat. Bank, 186 Ala. 360, 367, 64 So. 621; Zadek v. Burnett, 176 Ala. 80, 57 So. 447; 11 C. J. 739.

As we have pointed out, there is no ground of demurrer going to that aspect of the bill which sought an injunction, nor which sought to require appellee to purge himself of an alleged contempt or to make restitution as a condition to interposing a defense to the suit. The several grounds of demurrer were addressed to the bill as a whole, and challenge its equity.

As we interpret the allegations of the amended bill, it shows that the suit in Florida is a proceeding in rem. It is not alleged that a personal decree was sought or obtained; but whether so or not, and though the proceedings may be valid, it does not follow that appellants may not have their suit in Alabama, for a redemption. Some of the property is alleged to be in Alabama, where all the parties reside. If the suit in Florida was only in rem, and was prosecuted to that effect resulting in a sale of the property under its process, the result on this case, unaffected by the injunction referred to later, would only be to entitle appellants to be credited with the amount received by appellee out of that proceeding, if there is an accounting to obtain redemption.

But if the suit in Florida was in personam as well as in rem, its pendency is not a matter which would abate the suit in Alabama between the same parties in which the same result could be obtained. Western Union Tel. Co. v. Howington, 198 Ala. 311, 73 So. 550; Humphries v. Dawson, 38 Ala. 199; Forrest's Ex'rs v. Luddington, 68 Ala. 1, 16; M. & C. R. Co. v. Grayson, 88 Ala. 572, 578, 7 So. 122, 16 Am. St. Rep. 69; 1 Corpus Juris 84, 85. Nor would it render the bill in Alabama by appellants subject to demurrer; its prosecution to a final decree would control the other, which was then pending to the extent of the matters determined within its powers and jurisdiction, unless the injunction would cause it to have a different effect. 1 Corpus Juris, 85.

The chancery court of this state had the power, by an injunction, acting upon the person of defendant, who was within its territorial limits, to direct him to proceed no further in the Florida suit. Weaver v. A. G. S. R. Co., supra; Lamkin v. Lovell, 176 Ala. 334, 58 So. 258; Horst v. Barret, 213 Ala. 173, 104 So. 530; Folkes v. Cent. of Ga. Rwy. Co., 202 Ala. 376, 80 So. 458; 14 R. C. L. p. 412; 2 Story's Eq. Jur. (14th Ed.) § 1224. Whether the injunction should have been issued under such authority is not involved on this appeal.

But the only question presented on this appeal is the equity of the bill as a whole. Do the facts alleged as to the Florida suit, and the prayer for injunction of the prosecution of that suit, and the allegation that appellee is in contempt of court on account of its disobedience, render the bill which seeks an exercise of the equity of redemption wanting in equity, and subject to demurrer as a whole? We do not understand that such allegations have that effect, though the full relief sought may not be due.

While a court of this state may enjoin a suit in another state in order to accomplish certain purposes, as it only operates upon the parties enjoined personally, if they violate the injunction and proceed with the suit in that state, the effect is not to render invalid the decree in that state for all purposes, if at all. However, the court in the foreign state usually will not, as a matter of comity, permit the party to disobey an injunction issued in another state. Fisher v. Pac. Mut. Life Ins. Co., 112 Miss. 30, 72 So. 846; 32 Corpus Juris, 85.

The circuit court in the further progress of this case may be confronted with the question of whether the decree in the suit in Florida is conclusive in the suit in Alabama to any extent, if that suit was in fact prosecuted to effect by appellee in violation of an injunction, legally issued in this state; and also the effect upon that situation of a dissolution of the injunction after that suit was prosecuted to a final decree, if it should be now dissolved. 32 Corpus Juris, 482 et seq.

We merely make these observations for the purpose of saying that these matters are not now considered, and the facts as developed in the case may render a consideration in the future unnecessary.

Our conclusion is that the bill has equity and that the demurrer addressed to it should be overruled. The decree of the circuit court is therefore reversed, and one here rendered overruling the demurrer to the bill and remanding the cause for further proceedings.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.