16 So.2d 870

### MAY v. STALLINGS et al.

### 4 Div. 316.

Supreme Court of Alabama.

Jan. 20, 1944.

Rehearing Denied March 2, 1944.

L. A. Farmer, of Dothan, for appellant.

Lawrence T. Oakley, of Dothan, for appellees.

294

FOSTER, Justice.

This case involves the question of whether appellee as defendant in a suit at law was due to have the affirmative charge given on each of the counts: One, for trover; two, for trespass; and three, for money had and received.

Plaintiff was the purchaser of the automobile described in the first two counts of the complaint, and which was the foundation of the claim in the third count. The purchase was from the defendant and both plaintiff and defendant executed a conditional sales contract whereby the title was not to pass to plaintiff until the purchase price was paid.

This contract was assigned to General Motors Acceptance Corporation, and payment to it was guaranteed by defendant. Plaintiff's claim is based upon a contention that having failed to pay to the General Motors Acceptance Corporation some of the deferred payments, he agreed to and did "store" the car with defendant, not to be used, and as soon as plaintiff got ready to pay the debt, it would be all right and storage would not cost anything. That the storage was for a reasonable time to give him an opportunity to catch up with his payments. He was then behind two or three monthly payments. This was the latter part of December 1940; that on January 10, 1941, plaintiff having heard that defendant had been using the car, went to see one of them and offered to pay the balance if defendant would pay for the use of it contrary to the contract. That defendant refused to do so. That defendant sold it on February 8, 1941, without his consent or authority.

Defendant's evidence tended to show that the General Motors Acceptance Corporation demanded that the car be stored on account of plaintiff's default; that defendant saw plaintiff and had a conversation about the storage, not as plaintiff testified, but that plaintiff would turn the car over to defendant for storage; that plaintiff said he had sold a farm and would get $2,000, and would be around Wednesday of next week, and get the car and pay the balance. That plaintiff did not do so. That the car was kept locked up and not used at all until after January 22, 1941. Before that time, and on January 16, 1941, General Motors Acceptance Corporation notified plaintiff of its election to mature the entire debt and that if nothing was done in five days he would have no further interest in the contract. That on January 22, 1941, General Motors Acceptance Corporation took over the car from defendant and sold it back to defendant who paid the balance of the contract price for it, and then defendant sold it on February 8, 1941, to a third person.

Plaintiff's claim may be summarized as follows: That defendant became a bailee of the car under the specific terms of the contract of storage, and violated it in that defendant converted it by using the car contrary to his duty as a bailee under the contract, and also converted it by selling it on February 8, 1941, also contrary to his duty; that trover will lie, also the count for money had and received is available.

In connection with this contention of plaintiff, we wish to note certain legal principles which seem to apply. It is true, as appellant contends, that there are certain misuses of property by a bailee which constitute a conversion justifying a suit in trover. But that form of remedy is not available to the bailor, or pledgor, unless he has and retains by the transaction the legal title (general or special) and the right to the immediate possession of the property. Ordinarily a pledge or other bailment of personal property does not pass to the pledgee the title of the pledgor. Keeble v. Jones, 187 Ala. 207, 65 So. 384. On the other hand, the pledge may by its terms vest such title in the pledgee. Dodson v. Protective Life Ins. Co., 236 Ala. 111, at page 113, 181 So. 492 (3 and 4). It does by its very nature confer on the pledgee the right to its temporary possession. While a bailor may ordinarily sue a bailee in trover for conversion where he uses the property contrary to the terms of the bailment (Weller & Co. v. Camp, 169 Ala. 275, 52 So. 929, 28 L.R.A.,N.S., 1106; Goad v. Harris, 207 Ala. 357, 92 So. 546), a pledgor may not sue in trover when he has conferred on the pledgee the right to its possession as security for a debt, although there may be an act of conversion by the pledgee thus in rightful possession of the property, nor if the claim of the pledgor is not a legal title, general or special. Stanley v. Peoples Sav. Bank, 229 Ala. 446, 157 So. 844; Nabring v. Bank of Mobile, 58 Ala. 204.

But if plaintiff's equitable or other rights, though short of a legal title, have been injured or destroyed by defendant in possession as pledgee, in violation of the terms of the pledge agreement, plaintiff may sue in case. Stanley v. Peoples Bank, supra; Sharpe v. National Bank of Birmingham, 87 Ala. 644, 7 So. 106. And if the property has been sold for value, he may waive the tort and sue in assumpsit for such value. Stanley v. Peoples Bank, supra.

So that this plaintiff cannot sue in trover either for the misuse or wrongful sale of the property, because he did not acquire title by his purchase, and at the time of such alleged conversion he did not have possession nor the right to the immediate possession.

If defendant agreed to take the car in storage and keep it without using it as a pledge to protect it against liability on its guaranty to General Motors Acceptance Corporation for plaintiff's contract and to give plaintiff a reasonable time in which to catch up with his arrearages, and if defendant in violation of its contract used the car to a substantial extent affecting its value, and if plaintiff within a reasonable time complained of such use and offered to pay the balance of his contract price upon defendant paying for the use of the car, and if defendant refused to pay for its use and sold it to some other person so as to destroy plaintiff's interest in it, and if defendant received value for it, plaintiff could waive his action on the case and sue in assumpsit with the amount of value so received, as the foundation of his claim for recovery. The amount of his recovery would be as stated in Stanley v. Peoples Sav. Bank, supra.

This could not be predicated on a misuse of the car as plaintiff claims. That could only be compensable on a count in case, to the extent that there was damage thereby caused. The count in assumpsit is for the consideration which went to defendant on the sale of it, either money or money's worth. 2 Alabama Digest, Action, pages 110, 113, ☞28. In either respect, there is no liability unless defendant violated the terms of the pledge.

But it was for the jury to find whether the plaintiff complied with his duty under the pledge, and defendant did not live up to his. If they find that plaintiff's version is the true status of their respective claims, plaintiff would have a cause of action in case, which he could and did waive by making claim in assumpsit for money had and received. This was the province of the jury and the affirmative charge on count No. 3 should not have been given.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.

## On Rehearing.

FOSTER, Justice.

Appellees insist that the opinion does not give due consideration to the fact that

when they sold the car on February 8, 1941, they were not holding it as pledgees under the agreement with plaintiff, but that this occurred after General Motors Acceptance Corporation took up the car from defendants out of such storage on account of plaintiff's default, and immediately sold it back to defendants for the balance of the purchase price unpaid for which they were guarantors.

But if such action by General Motors Acceptance Corporation was on account of arrearages to secure the payment of. which plaintiff had stored the car with defendants and at a time when plaintiff was not in default with defendants in respect to the payment of such arrearages to .defendants, defendants are not in position to take advantage of the changed status. As between them, in that event, defendants were not in a changed status. The question for the jury was whether plaintiff offered to defendants to comply on a reasonable basis with his contract of storage with defendants, and whether defendants declined to accept it on that basis.

Of course, so far as the General Motors Acceptance Corporation is concerned there was a default which justified a seizure of the property. But when they sold it back to defendants, defendants cannot claim that they occupy a new status when that status was created by their own fault in so far as plaintiff is concerned.

So that if plaintiff was not in default rightly considered under the storage agreement, when defendants sold the car on February 8th, there was no change in the relations which they occupied to each other, except that defendants were then substituted for General Motors Acceptance Corporation as the creditor under the conditional sales contract, and their relations would be the same as though the General Motors Acceptance Corporation had never had connection with the transaction.

In writing the original opinion, we had this theory in mind, but did not think it necessary to enlarge upon it.

Application overruled.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.