50 So.2d 2

### WOODALL v. REGAL ANDRE, Inc.
### I Div. 617.

Court of Appeals of Alabama.
Jan. 9, 1951.

Hubert M. Hall, of Bay Minette, for appellant.

J. B. Blackburn, of Bay Minette, and E. M. Zeidman, of Birmingham, for appellee.

CARR, Judge.

The plaintiff below brought suit against the defendant on a promissory note which was for $2,125 in principal sum. The complaint also contained common counts for $316.26. These latter counts were for merchandise, goods, and chattels sold by the plaintiff to the defendant.

The judgment entry is:

"6–28–50 Came the parties by their attorneys, came also a jury of good and lawfully men, to-wit: C. L. White and eleven others, who being impanelled and duly sworn according to law, on their oaths say, We, the jury, find the issue in favor of the Plaintiff and assess the damages at the sum of $316.26. And the same being considered by the Court;

"It is ordered and adjudged by the Court that the Plaintiff have and recover of the Defendant the said sum of $316.26, the damages assessed as aforesaid, together with the costs in this behalf expended, for which execution may issue."

In due time the plaintiff filed a motion for a new trial. Among the grounds was that the verdict was contrary to the great weight of the evidence.

The trial judge granted this motion, and from this judgment the appeal followed.

The order granting the motion does not disclose the ground on which it was granted. In this state of the record we must sustain the judgment if we conclude that it is authorized on any ground assigned in the motion. W. M. Templeton & Son v. David, 233 Ala. 616, 173 So. 231; Martin v. Birmingham Southern R. Co., 250 Ala. 583, 35 So.2d 339; Crumpton v. Pilgrim Health & Life Ins. Co., Ala.App., 46 So.2d 848.

The appellate courts are committed to the doctrine that an order granting a motion for a new trial in cases tried by a jury will not be disturbed "unless the evidence plainly and palpably supports the verdict." Cobb v. Malone, 92 Ala. 630, 9 So. 738, 740; Hall v. Clark, 225 Ala. 87, 142 So. 65.

In the case of Proctor v. Coffey, 227 Ala. 318, 149 So. 838, 839, Justice Foster, writing for the Supreme Court, made this observation:

"The court assigned no ground as that on which it acted in granting the motion. One ground was that the verdict was contrary to the great weight of the evidence. The ruling might have been based on that ground. We do not wish to say that, as an original proposition such would be our ruling as to the evidence, but we cannot reverse the judgment on such a ruling unless we think that it was clearly wrong."

See also, Goad v. Harris, 207 Ala. 357, 92 So. 546.

The rule prevails that in reviewing the order of the lower court in granting a motion for a new trial the same presumption must be indulged in favor of the ruling as when the motion is denied. Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473; Landers v. Moore, 214 Ala. 20, 106 So. 225.

For obvious reasons we will not discuss the evidence. Without prejudice to either party litigant, it may be stated that the prime factual issue centered around whether or not fraud was practiced in the sale of some property. The promissory note was given to secure payment for this property.

The trial court saw and heard the witnesses and we are not prepared to say that the evidence so plainly and palpably supported the verdict of the jury as to put the trial court in error in setting same aside.

The judgment of the court below is ordered affirmed.

Affirmed.