73 So.2d 761

### GARRETT v. ODDO.

**6 Div. 12.**

Supreme Court of Alabama.

June 24, 1954.

Chas. A. Speir, Birmingham, for appellant.

Roscoe Chamblee, Birmingham, for appellee.

## PER CURIAM.

This is an appeal from a final decree of the circuit court in equity. There is but one question involved, and that relates to the effect of the decree because of the death of one of the complainants which occurred prior to the rendition of the decree. The trial was had under Equity Rule 56, as amended by the Act of May 21, 1943, Acts 1943, page 28 and Code 1940, Tit. 7 Appendix. The evidence was not taken down by the court reporter or stenographer as there provided. That requirement of Rule 56 was apparently waived by the parties. Thomas v. Thomas, 246 Ala. 484, 21 So.2d 321.

There was certified to this Court as a part of the record a document entitled "Succinct Statement of the Evidence", which contains the following recital: "Appellant files this, his succinct statement of the evidence in the above captioned cause. Appellant waives any and all evidence, matters or occurrence arising during the trial of said cause except as hereinafter set out and waives any and all errors as to evidence, matters, or occurrences arising at the trial except as hereinafter set out".

It then recites that at the oral hearing the solicitor for appellant, Howard Garrett, suggested the death of Bettie Garrett, one of the complainants and cross respondents who had died intestate more than twelve months prior thereto, and leave of the court was asked to revive in the name of the administrator of her estate when known or in the name of her heirs. The evidence showed that there was no administration of her estate; that complainant Howard Garrett was an adult child of Bettie Garrett who left no surviving husband. There was no evidence that she left any other descendants. The "statement" then recited that the case was ordered to be heard as to Howard Garrett. This statement was approved by the presiding judge. Title 62, § 366, Code, applicable to equity cases in Jefferson County. Such statement appears to be made as provided in section 827(3), Title 7, Code. But that does not apply to equity cases under the terms of the Act of June 10, 1953, Acts 1953, page 122, Act No. 80.

The record does not show any order of the court with reference to the death of Bettie Garrett. The requirement as to a revivor upon the death of a party in an equity suit is controlled by Equity Rule 35, and requires an order of substitution to be made within twelve months when a party dies. The statement above mentioned shows that this was not done.

So we have a status where there are two complainants, one an adult son of the other who is his mother and who died before the decree was rendered, but no order of revivor appears in the record. The effect of that status is the only question raised on this appeal.

Rule 35 of Equity Practice has been construed in a similar situation in the case of Mutual Service Funeral Homes v. Fehler, 257 Ala. 354, 58 So.2d 770. In that case, as in this, there was no revivor in any respect and, therefore, it was contended that the decree was void because it was for the joint benefit of the complainants, two of whom

were dead. After careful consideration, the Court came to the conclusion that the effect of that status depended upon the nature of the suit and the rights of the individual complainants with reference to it. So that if the remaining complainant was entitled to the relief sought, the fact that the decree was in favor of the complainants would be referred to that one of the complainants who was entitled to relief, and that such would be interpreted as the meaning of the decree.

The question here is also raised by a motion made by Howard Garrett after the decree was rendered, to set aside the judgment, and among the grounds so assigned is that the decree was void as to Bettie Garrett, one of the complainants who was dead at the time this cause was submitted. That motion was overruled by the court.

In the case of Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116, this Court held that a decree of a court of equity overruling a motion to set aside the final decree on account of the death of the sole party complainant or respondent was itself a final decree and subject to appeal. But the final decree being void it was not appealable.

■ The security for costs recites the appeal is taken from the decree dated August 22, 1949, which is a final decree in the cause, and which is not the decree overruling the motion to set aside the final decree. If the final decree is void on account of the death of Bettie Garrett, the appeal would have to be dismissed. While the appeal was taken more than six months after the rendition of the final decree, section 788, Title 7, Code, the period within which it may be taken was suspended pending the application to set aside the final decree, and the appeal was taken within due time upon the basis of that principle. Gavin v. Hughes, 249 Ala. 126, 30 So.2d 245.

As we have said above, the solution of the question argued on the appeal depends upon a consideration of the nature of the bill and the relief sought. The equity of the bill is to enforce the equity of redemption of a certain mortgage on real estate which the complainants held as assignees thereof and which they pledged and assigned to the respondent, Anthony Oddo, as collateral security for a debt alleged to have been contracted. The bill alleges that the respondent made certain agreements with reference to the indebtedness to be secured by the pledge of the collateral which were not complied with and that in violation of the agreement instead of foreclosing the collateral agreement he proceeded to exercise the power of sale contained in the mortgage and foreclosed the mortgage under its power, becoming the purchaser at the sale. Complainants alleged that said foreclosure sale was void and offered to pay to the respondent the amount which they owed him in redemption of the pledged collateral.

Section 11, Title 9, Code, makes provision for the foreclosure of collateral pledged as security for a debt. It does not appear that the provisions of that statute were attempted to be complied with and the respondent by answer and cross bill does not deny complainants' right to relief by paying the proper amount to him, but he sets up in his cross bill the amount for which the collateral was pledged which is considerably more than that stated in the original bill. The court granted relief authorizing a redemption, or in default thereof a foreclosure, and ascertained the amount due to the respondent by the complainant Howard Garrett, giving him time within which to pay it to respondent Anthony Oddo.

■ There is no contention in this case as to the equity of the original bill. It is that of a pledgor having assigned collateral security seeking in equity to have an accounting as to the pledged debt and a redemption of the collateral pledged and assigned to secure it. We have a number of cases in which the principle is generally stated that the pledgor of collateral or other personal property for the security of a debt may file a bill in equity against the pledgee for the purpose of redeeming the pledged property. Where that equity has been pursued it was as to a transaction where the pledgor not only pledged property to secure

his debt but did so in such way as to pass the legal title of it to the pledgee, although that status may not be emphasized. When so, the transaction is not only a pledge but it is also a mortgage, as pointed out by the cases. There remains then in the pledgor, who is also the mortgagor, the equity of redemption available in equity without the necessity of being supported by some other equitable right. Some of those cases are as follows: Gilmer v. Morris, 80 Ala. 78, 85, 88; Keeble v. Jones, 187 Ala. 207, 65 So. 384; American Traders National Bank v. Henderson, 222 Ala. 426(9), 133 So. 36; City of Albertville v. Universal Electric Const. Co., 241 Ala. 412, 415 (1 and 2), 3 So.2d 301; Lauderdale County Co-op., Inc. v. Lansdell, 260 Ala. 452, 71 So.2d 70 (8-12).

■■ The principle is confined to transactions in which the pledgor transfers the title of the security to the pledgee as security for a debt. When the title is not assigned, but the pledge consists of a mere deposit of the collateral or other personal property, the pledgor retains the legal title subject to the pledge and cannot proceed in equity to redeem unless there is some special ground as for an accounting or discovery, or some situation has arisen to prevent a court of law from being able to afford complete relief. Ordinarily the pledgor holding the legal title can pay or tender to the pledgee the amount of his indebtedness and demand a return of the property pledged, and if the demand is not complied with a suit at law is available on his legal title. Nelson v. Owen, 113 Ala. 372, 21 So. 75; Minge v. Clark, 196 Ala. 617, 72 So. 167; Crowson v. Cody, 207 Ala. 476, 93 So. 420; Id., 209 Ala. 674, 96 So. 875; Hall v. Milligan, 221 Ala. 233(4), 489, 128 So. 438, 69 A.L.R. 618; Dewberry v. Bank of Standing Rock, 227 Ala. 484, 489, 150 So. 463; First National Bank v. Forman, 230 Ala. 185(8), 160 So. 109.

But we repeat there is no question here raised as to the sufficiency of the bill as one to exercise the equity of redemption of the collateral alleged to have been assigned to respondent by complainants. But the nature of the suit must be analyzed to determine the main question involved.

[6] The question is whether or not the complainant Howard Garrett, who was one of the pledgors, had the right by himself, without the presence of Bettie Garrett who was a joint pledgor with him, to maintain a suit in equity, such as the one herein described. Bearing upon that question, we note that one cotenant of property subject to a mortgage may enforce the equity of redemption of it by a bill in equity in his own name without making the other cotenants parties to the suit. Bailey v. Jefferson, 186 Ala. 214, 64 So. 955; Phillips v. Harvey, 239 Ala. 605, 196 So. 498.

■ The result of that principle applied to the situation here presented, is that the complainant Howard Garrett alone had the right after the death of his mother, who was his co-pledgor and who was a complainant with him, to exercise the equity of redemption without Bettie Garrett being a party to the suit.

There is another principle of equity pleading contained in Equity Rule 67 which changed equity practice in one respect, that is a court of equity now has the power to grant relief to one complainant who is shown to be entitled to it without granting relief to other complainants in that suit who are not entitled to it, as well as to grant relief against one or more but not all of the respondents.

■ The decree here in question in substance granted Howard Garrett the equity of redemption of this collateral upon condition that he pay a certain amount which the court ascertained to be the amount of his indebtedness for which the pledge was security and upon the payment of which he would be reinvested with the collateral which he had assigned as a pledge. That privilege could not then be granted to Bettie Garrett who was dead, and the decree did not undertake to do so, but the right to exercise the equity of redemption was conferred upon Howard Garrett alone.

The decree contains a provision, however, that upon a failure to comply with the condition expressed, the said Howard Garrett and *Bettie Garrett* were ordered to surrender possession of such part of said property as they then had. Of course Bettie Garrett could not be ordered to do anything and so far as that feature of the final decree is concerned it is inoperative and of no effect, but that condition could not affect the decree in regard to Howard Garrett. He is here complaining that the decree is void with reference to Bettie and being void as to her it is also void as to him. But that reasoning is not here applicable.

We note there are no assignments of error in the record as required by Rule 1 of Supreme Court Practice. The brief of appellant's counsel contains assignments of error, but they are not set out in the record and, therefore, the rule is not complied with and it is necessary to affirm the decree of the trial court for that reason if for no other. Hunter v. Louisville & Nashville R. R. Co., 150 Ala. 594, 43 So. 802, 9 L.R.A.,N.S., 848.

We have discussed the merits as argued in brief,—no question being raised as to the absence of assignments of error,—anticipating that a motion would be made to set aside the affirmance and allow the assignments to be made as they are set out in brief of counsel. Redd Chemical & Nitrate Co. v. W. T. Clay Mercantile Co., 219 Ala. 478, 122 So. 652. That procedure would avail nothing since the decree was not void nor erroneous on the grounds asserted.

The decree should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice, under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.