79 So.2d 808

Edna BOLLING, as Adm'rx,

v.

Frank S. COFFIN.

I Div. 564.

Supreme Court of Alabama.

April 28, 1955.

Vincent F. Kilborn, Mobile, for appellant.

McCorvey, Turner, Rogers, Johnstone & Adams, Mobile, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal by plaintiff in a detinue suit from a judgment for the defendant.

The trial was had without a jury, and the judge found facts from the evidence taken before him. It was for the recovery of a "common stock certificate of the United Fruit Company, representing 100 shares of said Company's Common Stock, and being numbered M 94001, issued and being presently registered with the Old Colony Trust Company, Transfer Agent for the United Fruit Company, in the name of Robert L. Bolling." The finding

of facts recited that "the cause being regularly set for trial and this day coming on to be heard on the complaint and answer, the court finds," in substance, that the stock certificate was pledged as collateral security for a note executed by Robert L. Bolling to the defendant Frank S. Coffin; that there was a default in the payment of the note, following which the stock certificate, pursuant to the terms of the note, was regularly sold and delivered on March 19, 1951 to defendant Frank S. Coffin; that demand has been made on the transfer agent to transfer said stock on the books of the United Fruit Company to the defendant, but said demand has been refused. The court thereupon ordered, adjudged and decreed that the transfer agent make due and proper entries on its records showing that as of March 19, 1951, said stock was and is transferred to the said Frank S. Coffin. The court further ordered and adjudged that the plaintiff ought not to recover in this cause, and that judgment herein be and is hereby rendered in favor of defendant Frank S. Coffin for the stock sued for and that plaintiff be and is hereby taxed with the costs of this proceeding for which execution was ordered.

The plaintiff is designated as administratrix of the estate of Robert L. Bolling, deceased.

The contentions made in brief for appellant are limited (1) to the power of the court to order the transfer agent to transfer the stock to the defendant, and (2) to the failure of the court to assess the alternate value of the property and damages for its detention.

The evidence is not set out in the record.

As to the first contention, we agree that the trial court cannot in this nature of suit, and in the absence of the transfer agent as a party, order it as such agent to make the transfer on its books. Therefore, that feature of the judgment should be stricken from it; but that does not justify a reversal of the judgment for defendant. The pledge of the stock as collateral security to defendant, and the failure of defendant to deny his possession, convey the necessary inference that it was delivered to him and was in his possession. It does not appear that the note secured by the pledge has been paid, or that the pledge has otherwise been disposed of. Minge v. Clark, 196 Ala. 617, 72 So. 167.

The pledge carries the right to possess it until the debt is paid. May v. Stallings, 245 Ala. 292, 16 So.2d 870. The finding by the court indicates that the note contained a power of sale which was carried out with defendant as the purchaser. The note is not before us, and we cannot tell from the finding what its requirements were. But assuming that it does not sufficiently show a compliance with the power of sale, or with those of Sec. 11, Title 9, Code 1940, and no showing made of the payment of the note, defendant still had at least the right of possession under the pledge. Garrett v. Oddo, 261 Ala. 172, 73 So.2d 761.

Section 921, Title 7, Code 1940, provides that in detinue suits judgment for either plaintiff or defendant must be for the property sued for, or its alternate value. However, the failure to assess its alternate value is not prejudicial when the property is in the possession of the successful party. Jones v. Pullen, 66 Ala. 306; Dykes v. Clarke, 98 Ala. 657, 13 So. 690; Dobson v. Neighbors, 228 Ala. 407, 153 So. 861.

There is nothing to indicate that the property was not in possession of defendant at the time of trial or at the time the suit was brought, as it was when the pledge was made. Judgment was properly rendered for defendant who became the successful party. There was no reversible error in not assessing the value of the property sued for.

It results the judgment should be modified as indicated above. See Sec. 260, Title 7, Code 1940.

The judgment as modified is affirmed.

Modified and affirmed.

SIMPSON, GOODWYN and MAYFIELD, JJ., concur.