100 So.2d 36

Bernard WEBB

v.

Howard GENTLE, d/b/a Howard Gentle Furniture Company.

8 Div. 133.

Court of Appeals of Alabama.

Jan. 21, 1958.

J. D. Carroll, Jr., Huntsville, for appellant.

Earl E. Cloud, Huntsville, for appellee.

PRICE, Judge.

This appeal is prosecuted by the defendant in the court below from a judgment in favor of plaintiff in a suit for balance due under a conditional sale contract or lease.

Assignments of error were not bound with the transcript, and were not filed with the transcript when the case was submitted on May 30, 1957.

■ On June 27, 1957, the Clerk of the Circuit Court of Madison County wrote the Clerk of this court that the attorney for appellant "requested on June 26, 1957, that the enclosed assignment of errors be mailed to you."

■ This was not a compliance with Supreme Court Rule 1, Title 7 Appendix, Code 1940, Simmons v. Chesnut, 265 Ala. 256, 90 So.2d 767, and "failure to substantially comply with the rule requires an affirmance of the judgment appealed from." Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639.

However, since no question has been raised on account of appellant's failure to comply with Supreme Court Rule 1, in view of this statement by the court in Garrett v. Oddo, 261 Ala. 172, 73 So.2d 761, 765: "We have discussed the merits as argued in brief,—no question being raised as to the absence of assignments of error,—anticipating that a motion would be made to set aside the affirmance and allow the assignments to be made as they are set out in brief of counsel. Redd Chemical & Nitrate Co. v. W. T. Clay Mercantile Co., 219 Ala. 478, 122 So. 652," we think it advisable to point out that the assignments of error received from the circuit clerk cannot be considered in any event.

■ Neither of them is predicated on any ruling of the trial court. Madison Limestone Company v. McDonald, 264 Ala. 295, 87 So.2d 539; Central of Georgia Railway Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290. They are merely as they are termed in appellant's brief, "questions involved and contentions of appellant."

■ It is the action of the trial court and not the appellant's contentions and conclusions as to the effect of some unspecified action of the trial court that must be assigned as error. Kinnon v. Louisville & N. R. Co., 187 Ala. 480, 65 So. 397.

An inadequate assignment of error requires the affirmance of the judgment appealed from. Stidham v. Stidham, 264 Ala. 195, 86 So.2d 294.

The judgment is affirmed.

Affirmed.