(136 So. 838)

## HERN v. STATE.
### 8 Div. 91.

Court of Appeals of Alabama.

May 19, 1931.

Rehearing Denied June 30, 1931.

Almon & Almon, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, J.

As relating to the charge of robbery, the facts in this case are no different from the facts disclosed in Louis v. State (Ala. App.) 130 So. 904.[1] The judgment in that case was for robbery, and on the facts as there stated the judgment of reversal was proper.

We did not, however, mean to hold that no criminality could be inferred from the evidence adduced on the trial. There is embraced in the indictment a charge of grand larceny, and if this defendant participated in the transaction detailed by the injured party, aiding and abetting therein, and the jury should find from the evidence that a larceny had been committed, such finding would justify a verdict of conviction for grand larceny, although the facts do not justify a conviction for robbery.

The evidence in this case, if believed beyond a reasonable doubt, discloses the facts that the injured party, an old ignorant negro woman, had on deposit in the bank $290; that three young negro men got her in an automobile driven by this defendant, took her to her home where she got her saving bank book, took her to the bank, induced her to draw the money out of the bank, and turn it over to Louis, one of the three; that she received nothing in return for the money; that she had never seen the man to whom she delivered the money until that day; that after Louis got the money the woman was taken to the top of a hill about one-half mile from her home, put out of the car, after which the defendant and his associates left. From the surrounding circumstances it is quite clear that a fraud was perpetrated on the old woman and that her money was taken from her. It was for the jury to say from all the surrounding facts and circumstances whether the taking was felonious, and, if so, did this defendant aid or abet in the taking?

The general charge was asked and refused. The charge was not limited to the charge of robbery, but extended to the lesser degrees of crime embraced in the indictment. Its refusal was not error.

No exception was reserved to the action of the court in overruling the motion for a new trial, and hence that ruling cannot be here reviewed. We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed.

BRICKEN, P. J. (concurring).

I must perforce concur in the affirmance of the judgment of conviction from which this appeal was taken, notwithstanding this court reversed and remanded the companion case wherein the principal had been convicted of robbery, and this court construed the undis-

---

[1] Ante, p. 120.

puted evidence as being insufficient to sustain the charge of robbery. Louis v. State (Ala. App.) 130 So. 904.[2] Such unquestionably would have been the holding in the case at bar, if the question had been presented in a manner investing us with authority to so decide. The jurisdiction of this court is appellate only, and review here, in cases of this character, is limited to those matters upon which action or ruling at nisi prius was invoked and had. It is insisted that the evidence in this case is insufficient to sustain a conviction for the offense of robbery, but as the case is here presented we are unable to so hold for the reason that no holding of the trial court to the contrary is here presented in the manner to authorize this court to sustain the insistence and put the lower court in error. Where the evidence is deemed insufficient to warrant a conviction, a ruling of the trial court on that proposition must properly be invited in order to invoke or justify a review of the question, so raised below, by the appellate court. Such is the settled rule, on principle and in practice, by which the appellate courts are bound. Such question is usually raised by special instruction requested, that is, the asking of the affirmative charge and its refusal; or, by making a motion for a new trial predicated upon proper and sufficient grounds, and the reservation of an exception to the action of the court in overruling the motion. Such exception must be shown by the bill of exceptions. Woodson v. State, 170 Ala. 87, 54 So. 191. In the indictment in this case wherein the offense of robbery is charged, there is also included lesser offenses, and such indictment would support a conviction of either of such lesser offenses. The major always includes the minor. The crime of robbery includes all the elements of larceny, with the one additional element of force, or putting in fear. The statute expressly provides: "When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor." Section 8697, Code 1923. Under an indictment for robbery, as here, a conviction may be had for larceny, for attempt to rob, for an assault, and for an assault and battery. Cook v. State, 134 Ala. 137, 32 So. 696.

If the requested and refused affirmative charge in this case has been confined in its terms to the offense of robbery, its refusal would have been error. But the charge sought to direct a verdict of acquittal of all the charges comprehended and included in the charge of robbery; it was, therefore, properly refused for under the evidence in this case a verdict of guilty as to one of the lesser offenses would have been justified.

As stated, in the opinion of Samford, J., in this case: "No exception was reserved to the action of the court in overruling the motion for a new trial and hence that ruling cannot be here reversed." The foregoing statement simply means, in the absence of an exception to the ruling of the court in denying a motion for a new trial, nothing is here presented for consideration of this court and, however meritorious the motion may appear, in the absence of an exception, shown in the bill of exceptions, this court has no authority either to consider or revise the court's ruling in this connection. Swinea v. State, 22 Ala. App. 524, 117 So. 506.

As stated hereinabove, I perforce must concur in the affirmance of the judgment of conviction from which this appeal was taken, for the reason that as here presented we are without authority to hold otherwise.