145 So. 430

## CURTIS v. STATE.
### 6 Div. 85.

Supreme Court of Alabama.
Jan. 12, 1933.

Fort, Beddow & Ray, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

KNIGHT, J.

The defendant was indicted and tried for robbery. The record proper shows due arraignment, personal appearance of defendant, attended by counsel, the setting of a day for trial, and proper order for special venire. No error appears upon the record proper.

The defendant was convicted of robbery, and his punishment fixed at imprisonment in the penitentiary for a period of twenty-five

years, and sentence was duly passed on him in accordance with the verdict of the jury. A motion for new trial was duly made by defendant, and overruled by the court, and to which ruling an exception was duly reserved by defendant.

Only two matters are pressed upon our attention for a reversal of this cause. The first insistence is that the defendant was unduly limited and "hampered" in his cross-examination of the witness Sam Allen, the party alleged to have been robbed; and, second, that the verdict of the jury was so decidedly contrary to the weight of the evidence as to clearly convince the court that it was wrong and unjust.

With respect to the first insistence, we can and will dispose of the same with the observation that the record shows that the witness Sam Allen was subjected to a rather rigid cross-examination by the attorney for the defendant, and the bill of exceptions fails to show that, in conducting his cross-examination, he was in any way unduly "hampered" by the court, or by opposing counsel.

The evidence was in sharp conflict, and presented a jury question as to the guilt of the defendant. Sam Allen, the manager of Hill Grocery Store, at 1020 North Twenty-Fourth street, Birmingham, swore positively to the identity of the defendant as being one of the men who robbed him. The robbery occurred on November 18, 1931, at about the hour of 6:40 or 6:45 p. m. At about the time this witness testified the robbery was committed, S. H. Perkins and S. S. Collier, policemen of the city of Birmingham, happened to be passing the store, where the robbery occurred. Just about the time these officers came up, or were passing the store, Collier testified that the defendant and another negro came out of the front door of the store, and the defendant shot witness. This witness positively identified the defendant. S. H. Perkins, the other policeman, also positively identified the defendant, and testified that he "heard a gun shoot," and he saw the defendant with a pistol in his hand. He also testified that the defendant threw the gun in his face.

The defendant introduced several witnesses in an effort to prove an alibi. However, the jury and the trial judge had the witnesses before them and therefore had a better opportunity to reach a proper conclusion as to the weight to be given their testimony than we have, having before us only the bill of exceptions.

We are not convinced that the trial court was in error in overruling the defendant's motion for a new trial; in fact, we are in full accord with his judgment denying this motion.

The testimony in this case was given ore tenus, and in such cases this court has steadfastly adhered to the rule announced in the case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, notwithstanding the act of 1915 (page 722), now embodied in section 6088 of the Code. Fidelity-Phoenix Fire Ins. Co. v. Ray, 196 Ala. 425, 72 So. 98; Jackson Lumber Co. v. Trammell, 199 Ala. 536, 74 So. 469; Louisville & Nashville R. Co. v. Byrd, 198 Ala. 271, 73 So. 514; Louisville & Nashville R. Co. v. Blankenship, 199 Ala. 521, 74 So. 960; Veid v. Roberts, 200 Ala. 576, 76 So. 934; Dees v. Lindsey Mill Co., 210 Ala. 183, 97 So. 647.

The same rule prevails in a criminal prosecution, and the denial of a new trial because the verdict was contrary to the evidence, which the trial court heard will not be disturbed unless the evidence clearly convinces the court that the verdict is wrong and unjust. We are not so convinced, and it accordingly follows that the judgment of the circuit court will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.