153 So. 892

**BETHUNE et al. v. STATE.**

**7 Div. 991, 992.**

Court of Appeals of Alabama.

Jan. 30, 1934.

Rehearing Denied March 6, 1934.

J. A. Johnson, of Fort Payne, for appellants.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The two appellants were jointly indicted, jointly tried, and both were convicted as charged in the indictment. The indictment contained three counts and in proper form and substance charged them with the unlawful possession of a still to be used for the purpose of manufacturing prohibited liquors or beverages; and, also with the offense of distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol, etc. From the judgment of conviction, this appeal was taken.

The record proper in this transcript is free from irregularity. The bill of exceptions fails to show that any material exception was reserved to any action or ruling of the trial court on the trial. It purports to set out all the evidence adduced upon the trial. An examination of this evidence leads us to the conclusion that as to appellant Walter Bethune the conflicting facts, as testified to by the witnesses, presented a jury question as to his guilt or innocence. It is clearly apparent from the evidence that as to appellant Birdie Bethune it was insufficient to warrant his conviction of the offense charged in the indictment.

The defendants had no counsel on the main trial, but are represented here by able counsel who files brief in their behalf and insists, among other things, that this court grant the relief to Birdie Bethune by putting the trial court to error for permitting the jury to convict him. No point of decision having been reserved in the lower court and presented here, this insistence is equivalent to a request that we exercise a prerogative which we are not authorized under the law to exercise; that of pardoning appellant Birdie Bethune. The appellate courts are not vested with pardoning powers. In respect of cases in the category to which this case belongs, the jurisdiction this court has is appellate only. Review here, in such cases, is limited to those matters upon which action or ruling at nisi prius was invoked or had. Accordingly, where the evidence on the trial in the lower court is deemed insufficient to warrant a conviction, a ruling of the trial court on that proposition must be properly invited in order to justify a review of the question, so raised below, by this appellate court. Such is the settled rule, on principle and in practice by which this court is bound. Hern v. State, 24 Ala. App. 408, 136 So. 838.

It is also insisted that the trial court erred in not appointing counsel for these two defendants because they were charged with a felony, were unlearned, and did not have money to employ a lawyer to represent them. There is no merit in this insistence. The court is under no legal duty to appoint counsel in any case unless the accused has been indicted for a capital offense and it is made known to the court he is unable to employ counsel. If this appears, the court must appoint counsel for him, not exceeding two, who must be allowed access to him if confined in jail. Code 1923, § 5567. However, there is no inhibition against the trial court appointing counsel to represent the defendant in any felony case where he is unable to employ counsel, when in the opinion of the court it should be done. Nor is there any provision of law prohibiting members of the bar in volunteering their services, if they see fit to do so and are so inclined, in cases of this character.

■ The Attorney General is correct in the insistence that the record in this case presents nothing for review; and the following authorities cited by him are in point: England v. State, 23 Ala. App. 393, 126 So. 174; Henson v. State, 25 Ala. App. 118, 141 So. 718; Love v. State, 22 Ala. App. 392, 117 So. 398; Narrell v. State, 25 Ala. App. 426, 148 So. 166.

From what has been said, the judgment of conviction in the lower court as to each of these appellants must be affirmed.

Affirmed.