157 So. 844

## STANLEY v. PEOPLE'S SAV. BANK.
### 5 Div. 187.

Supreme Court of Alabama.
Dec. 6, 1934.

⬦═For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

Erle Pettus, of Birmingham, for appellant.

Reynolds & Reynolds, of Clanton, for appellee.

BROWN, Justice.

To maintain the action of trover for the conversion of the cotton, the plaintiff must have had title, general or special, and possession or the right of immediate possession at the time of the conversion. Granad.) v. United States Lumber & Cotton Co., 224

Ala. 185, 139 So. 409; Sullivan v. Miller, 224 Ala. 395, 140 So. 606; Assets, Realization Co. v. Ganus, 25 Ala. App. 113, 141 So. 721; Barksdale et al. v. Strickland & Hazard, 220 Ala. 86, 124 So. 234; 27 Alabama and Southern Digest, Trover and Conversion, pages 342–344, ⊜16.

▇ The evidence was without dispute that the cotton in controversy was pledged by the plaintiff to the defendant for a debt contracted by plaintiff in the purchase of cotton; that the cotton was stored in the warehouse and the warehouse receipts, at the time of the sale of the cotton, were held by and in the possession of the defendant. Therefore, applying the law as above stated, the plaintiff was not entitled to recover under the sixth count of the complaint, and the affirmative charge as to this count was properly given. For the same reason the court properly sustained the defendant's objection to the question to plaintiff's witness, the predicate for assignment of error 5.

The evidence did not sustain or tend to sustain count 2, declaring on an account stated between the parties, nor count 4 for work and labor done for the defendant by the plaintiff, and the giving of the affirmative charge as to these counts was free from error.

▇ The primary duty of a pledgee is to return the pledged property to the pledgor when he performs the act or satisfies the obligation or debt secured by the pledge, and hence the wrongful or unauthorized disposition of the property pledged, so as to put the property beyond the pledgee's power to return it to the pledgor upon the pledgor's performance or tender of performance, is generally treated as a conversion of the property, giving the pledgor a right of action against the pledgee. 21 R. C. L. 675, § 37; 49 C. J. 951, § 105 (2).

▇ In the absence of express stipulation waiving notice or authorizing sale without notice, the law requires the pledgee to give the pledgor notice, if he is a resident of the county (Code 1923, § 6745), and he must also give notice by publication, before making such sale, of the time and place thereof. Code 1923, § 6746.

The evidence is without dispute that the pledgor did not reside in the county where the property was pledged. There is no affirmative evidence as to whether notice by publication was or was not given, but the evidence tends to show that the cotton was sold by the pledgee without giving such notice.

The plaintiff also offered evidence going to show that he had an express agreement with the defendant that the cotton would not be sold without notice to the plaintiff. The defendant, on the other hand, adduced evidence going to show that there was no agreement to give the plaintiff notice.

The plaintiff not having the possession, or immediate right of possession, of the cotton at the time of the conversion, and the sale being made without notice and at private sale, was unauthorized and wrongful, and the plaintiff, the pledgor, had the right to bring an action on the case for the wrongful destruction of his property right, or waive the tort and sue in assumpsit for money had and received. Sharpe v. National Bank of Birmingham, 87 Ala. 644, 7 So. 106; 49 C. J. 1010, § 270.

▇ In such tort action he is entitled to recover the actual amount of the loss suffered by reason of the wrongful sale—the value of the pledged property at the time of the conversion or wrongful sale, less the amount of the debt secured by the pledge. 49 C. J. 1011, § 272; Karter v. Fields, 130 Ala. 430, 30 So. 504.

▇ If the pledgor waives the tort, and sues in assumpsit for money had and received, he is only entitled to recover so much of the proceeds of the sale as ex aequo et bono belongs to him—the balance over the sum necessary to discharge his indebtedness, and the lawful charges incident to the debt and the pledge. 2 R. C. L. 761, § 20; Fuller v. Duren, 36 Ala. 73, 76 Am. Dec. 318; Whilden & Sons v. Merchants' & Planters' National Bank, 64 Ala. 1, 38 Am. Rep. 1; Gunn v. Parsons, 213 Ala. 217, 104 So. 390.

▇ Or, if, as one phase of the evidence tends to show, he had an express agreement that the pledged property was not to be sold without the pledgor's consent, he could maintain special assumpsit, and recover his actual damages for breach of the contract.

The evidence was in conflict as to the market price of cotton at Clanton on May 3, 1933, the date the cotton was sold. That adduced by the plaintiff was that the market price on that date was 8⅝, while the defendant's evidence tended to show it was only 8 cents per pound.

The evidence was also in conflict as to the charges for haulage, storage, and insurance.

We have examined the several rulings on the admission and exclusion of the evidence that would warrant a reversal of the judgment.

In the absence of a showing in the bill of exceptions that it contained all the evidence, the assignments of error predicated on the refusal of the affirmative charge requested by plaintiff and the overruling of plaintiff's motion for a new trial cannot be sustained. St. Louis-San Francisco R. Co. v. Kimbrell, 226 Ala. 114, 145 So. 433; Town of Ragland v. Poe, 222 Ala. 548, 133 So. 578.

We cannot affirm that the trial court abused his discretion in respect to the examination of the jurors on the voir dire. Alabama Clay Products Co. v. Mathews, 220 Ala. 549, 126 So. 869; J. B. McCrary Co. v. Phillips, 222 Ala. 117, 130 So. 805.

There are no reversible errors in the record and the proceedings of the circuit court; hence the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.