170 So. 72

## GREEN v. STATE.

### 5 Div. 13.

Court of Appeals of Alabama.

June 2, 1936.

Rehearing Denied June 16, 1936.

Paul J. Hooton, of Roanoke, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case charged the defendant with the offense of grand larceny, in that he feloniously took and carried away from a dwelling house one pump shotgun, one pump shotgun case, and one single-barrel shotgun, of the aggregate value of $33.50, the personal property of D. A. Duke, etc.

It is made known to this court, and the judgment entry also discloses, that the defendant was put to trial, in the lower court, unattended by counsel. The trial resulted in his conviction of the offense of grand larceny as charged, and the court sentenced him to serve an indeterminate term of imprisonment in the penitentiary of not less than three years and six months, nor more than four years.

It appears that the accused secured counsel to represent him after the main trial, and that a motion for a new trial was made and called to the attention of the court, and after a hearing thereon said motion was overruled, to which action of the court the defendant duly and legally reserved an exception. The action of the court in overruling the motion for a new trial is properly presented for its consideration by this court.

Upon appeal, it is the duty of the appellate court to examine the record and ascertain its regularity, and to consider all questions apparent thereon. Code 1923, § 3258. We have performed this duty here and find the record in this case to be regular in all respects; no discrepancies are noted, and no error apparent thereon. However, counsel for appellant insists in his brief that the defendant was tried in the lower court upon a copy of the indictment and not upon the original as the law requires. This insistence is made for the first time in this court; so far as the record shows no mention thereof was had

on the trial of the case in the court below; nor was any such question presented in the motion for a new trial. This court must be governed by the record as here submitted, and the record may not be impeached in the manner here undertaken. However, in addition to the record submitted, which does not bear out or sustain the insistence in this connection, it conclusively appears from the original indictment sent us by order of the trial court for inspection, under Supreme Court rule 24, that the indictment is the original as found and returned by the grand jury, and that its authentication is in all. respects regular. In this connection the clerk of the court certifies as follows:

"State of Alabama, Randolph County:

"In the Circuit Court of Randolph County, Alabama.

"I, J. F. Anderson, Clerk of the Circuit Court of Randolph County, Alabama, pursuant to an order of the Honorable James W. Strother, Judge of the Fifth Judicial Circuit of Alabama, a copy of which order is annexed hereto, do hereby certify that the attached indictment is the original indictment against Carl Green, filed in said Court on the 18th day of January, 1933, charging said Carl Green with grand larceny, and upon which charge trial was had in said Court on the 1st day of February, 1936.

"Witness my hand and the seal of office, this 15th day of May, 1936.

"[Signed] J. F. Anderson
"[Seal.] Clerk, Circuit Court,
"Randolph County, Alabama."

Appellant, as he had the right to do, assigned errors, but we note that as to a number of these assignments there is nothing in the record to sustain them, as no point of decision was raised in connection therewith on the trial of this case.

█ There was no exception reserved to the oral charge of the court or to any part thereof, and yet some of the assignments of error are based upon the insistence that the trial court committed reversible error in his oral charge to the jury, etc. Such assignments cannot be considered.

The first three grounds of the motion for a new trial are predicated upon the proposition that the verdict was contrary to the law and to the evidence. No point of decision to this effect was raised in the court below upon the trial of this case.

The noted fact that the accused was without benefit of counsel on trial was doubtless responsible for this; but the fact remains that this court is without authority to review in the absence of complaint as to rulings at nisi prius. The jurisdiction of this court is appellate only, in cases of this character, and review by this court is limited to those matters upon which action or rulings at nisi prius was invoked and had.

█ Ground 4 of the motion is: "That the defendant was not represented by counsel on the trial of said cause." This ground of the motion cannot be sustained. While it is true the law demands that a person charged with crime shall be accorded a fair and impartial trial, a trial free from error the nature of which is calculated to injuriously affect the substantial rights of the defendant; that no person shall be deprived of life, liberty, or property, except by due process of law; that no person charged with crime shall be punished, except by virtue of a law which has been duly established and promulgated; and that right and justice shall be administered without sale, denial or delay—yet the law makes no provision to furnish counsel to any person accused of crime unless charged with a capital offense, and is unable to employ counsel.

As to ground 5 of the motion for a new trial, if the conviction of this appellant had rested solely upon the proposition that he was in recent unexplained possession of the alleged stolen property, and had carried one of the stolen guns and delivered it to one Raymond Clark, as some of the evidence tends to show, and said Raymond Clark, apparently a disinterested person, by his affidavit, denied that the defendant had ever carried any gun to his home, we would very seriously consider the action of the court in overruling the motion as error. But such is not the case. The evidence without dispute discloses that the guns in question were stolen from the home of Duke at the time testified to by him; hence the corpus delicti was established. The undisputed evidence also shows that this appellant, defendant below, voluntarily admitted to Mr. Duke, the alleged injured party, that he took the two guns in question from Duke's home, etc. The following testimony quoted from the bill of exceptions is conclusive of this fact, and at no time did the defendant make any denial thereof. In this connection Duke

testified: "I had something taken from me in 1932; it was two shot guns, one common shot gun and a pump gun: They were single barrel guns, and they were taken out of my dwelling house to the best of my knowledge about September 10, 1932. I had gone to Roanoke that morning. There was nothing to do to go in my house except unbolt the door and walk in; this property that was taken was mine, and the pump gun and case was worth $35.00 and the shot gun was worth $6.00 or $7.00. I never did recover any of the property. * * * They were taken from my house sometime on or about September 10, 1932. I had a conversation in my dwelling house with the defendant, when only he and I were present about these guns, and I did not make him any promises or offer him any inducements or make any threats against him to get him to talk to me, I was sitting on the verandah reading and he come to the verandah and said, 'I come by to get my clothes Uncle Dave.' I said, 'All right, you know where they are, go in and get them.' He said, 'You come and go with me.' After we got in the house I asked him how come him to steal the guns, and he said, 'Uncle Dave, I didn't steal your guns.' I said, 'Carl, the guns is missing and I don't know no one who got them but you.' He said, 'I didn't steal them. I just borrowed them to hunt with and I will go and get them and bring them back.' I said, 'That is all right.'" And further, in response to the question by the court: "Mr. Duke did you lend him the guns?" He replied: "No sir, he never asked me to lend him no gun."

From the foregoing it will be seen that the defendant admitted he did take the two guns from the Duke home. His intent in thus taking the guns was a question for the jury, and in considering this question the jury were authorized to consider the undisputed fact that the guns in question had never been returned.

For the foregoing reasons we think the court properly overruled the motion for a new trial, and this being the only question presented for our consideration, it follows that the judgment of conviction from which this appeal was taken will stand affirmed.

As stated, the assignment of errors not borne out by the record cannot be considered.

Affirmed.