173 So. 649

### GILCHRIST v. STATE.

### 7 Div. 256.

Court of Appeals of Alabama.

Feb. 16, 1937.

Rehearing Denied March 16, 1937.

Chas. F. Douglass, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was, by the jury trying his case, found "guilty as charged in the indictment," upon a trial under an indictment consisting of two counts: The first charging burglary in the second degree under the act approved June 6, 1935 (Gen.Acts Ala.1935, p. 159), now codified as section 3481(1) of the 1936 Cumulative Supplement to the Alabama Code of 1928, published by the Michie Company; and the second charging grand larceny under Code 1928, § 4905.

■ While this court has held that the "trial court is under no legal duty to appoint counsel for accused, unless he has been indicted for [a] capital offense and his inability to employ counsel .is made known to [the] court" (Bethune et al. v. State, 26 Ala.App. 72, 153 So. 892), and that holding was approved by the Supreme Court (228 Ala. 422, 153 So. 893), yet, there is no doubt that it is within the rightful province of the trial court to "appoint counsel for defendant, unable to employ counsel, in any felony case." Bethune et al. v. State, supra.

And, in view of the discussion by Mr. Justice Sutherland, in the opinion on certiorari to the Supreme Court of Alabama, in the case of Ozie Powell et al. v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527, we are persuaded that the wiser, at least safer, course, would be for the trial court to appoint counsel for defendants charged with felonies, who are unable to employ counsel, in all cases.

Lack of counsel representing this defendant (appellant), on his trial below, is manifest (it, of course, being undisputed that he had no such counsel) by the imperfect manner in which the State's witnesses were cross-examined; and the imperfect way in which the jury were instructed as to the law governing the issues.

This last statement is not intended as a criticism of the learned trial judge. He, doubtless, went on the theory that a defendant dissatisfied with the elliptical or omissive nature of the oral charge of the court must request, in writing, such additional instructions as he deems important. But, clearly, this requirement is vain, when applied to a defendant on trial (unless he be a lawyer), unaided by counsel.

■ True, we cannot reverse the judgment of conviction because of the fact that appellant had not benefit of counsel on his trial. Bethune et al. v. State, supra.

■ Neither is there merit in his contention, urged here, that his name was not as alleged in the indictment; and that hence his motion to set aside the verdict should have been sustained. Such contention came too late—it not having been interposed before the trial was begun. Wells v. State, 88 Ala. 239, 7 So. 272.

■ But this court, reading and studying the testimony, while sitting en banc, and taking note of the evident (if not—as it is—admitted) fact that appellant was young, inexperienced, and unaided by counsel, and observing the inconsistencies, if not contradictions, existing between the statements in the testimony given by the two witnesses appearing on behalf of the State, is persuaded the duty rests on us to reverse the judgment of conviction.

In other words, we are prepared to say, and do say, that "the evidence clearly convinces us that the verdict (resting upon such evidence) is wrong and unjust."

The judgment appealed from is therefore reversed; and the cause remanded. See Curtis v. State, 226 Ala. 29, 145 So. 430.

Reversed and remanded.