173 So. 651

## GILCHRIST v. STATE.

### 7 Div. 445.

Supreme Court of Alabama.

April 8, 1937.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for petitioner.

Chas. F. Douglass, of Anniston, opposed.

74

KNIGHT, Justice.

This cause is brought before us on petition by the State of Alabama for writ of certiorari to the Court of Appeals, to review and revise the opinion and judgment of that court in the case of J. L. Gilchrist v. State of Alabama, 27 Ala.App. 401, 173 So. 649.

The Court of Appeals has, in effect, found that the only error committed by the trial court was its failure to grant appellant Gilchrist a new trial upon the stated ground that "the evidence clearly convinces us" (Court of Appeals) "that the verdict (resting upon such evidence) is wrong and unjust." We take this to mean that the Court of Appeals was of the opinion that the verdict was so contrary to the evidence as to stamp it as being wrong and unjust.

In view of the above-stated finding of the Court of Appeals, as to the evidence in the case, we will not, under our rule for reviewing the opinions and judgments of that court, revise its judgment entered on defendant's motion for a new trial.

While we must, therefore, deny the writ of certiorari applied for by the State, we must not be understood as approving, or as giving our full assent to, all that is said by the Court of Appeals with reference to the appointment, by trial courts, of "counsel for defendants charged with felonies, who are unable to employ counsel, in all cases." No such duty rests upon trial courts. The statute only requires that such courts shall appoint counsel for a defendant who is indicted for a capital offense, and who is unable to employ counsel. Code, § 5567; Campbell v. State, 182 Ala. 18, 62 So. 57. This has been the extent of the duty enjoined upon trial courts, with respect to appointment of attorneys for defendants, since the earliest history of the State. The rule has worked reasonably well, and we can see no good reason for advising a departure from it at this time. We are not impressed that the time has come when defendants charged with felonies, not capital, shall have attorneys ad litem appointed for them. Trial courts can be trusted, we think, to see that every man brought before them, charged with crime, shall have that full measure of protection guaranteed to him by section 6 of the Constitution.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.