185 So. 409

**JOHNSON v. AMERICAN LIFE INS. CO. et al.**

**SAME v. REDDEN et al.**

**6 Div. 423, 424.**

Supreme Court of Alabama.

Dec. 8, 1938.

Rehearing Denied Jan. 12, 1939.

W. C. Johnson, pro se.

Hugh A. Locke, of Birmingham, and R. G. Redden and J. C. Milner, both of Vernon, for appellees.

BROWN, Justice.

The appellant sued appellees Redden and Milner, in case, for negligence in handling litigation for him as attorneys-at-law representing him in certain suits brought by him against the appellee American Standard Life Insurance Company, in the Circuit Court of Lamar County. He also sued the same defendants jointly with said Insurance Company. These cases were tried at the same time before the court, sitting without jury, resulting in judgments for the defendants, after which motion for new trial was overruled. From these judgments these appeals are prosecuted.

The complaint in the case first mentioned consists of three counts, the first count charges that defendants "were grossly negligent of their duty to this plaintiff in that they, the defendants, R. G. Redden and J. C. Milner, excused an important witness for the plaintiff without the consent of the plaintiff, and knowing when they excused said witness that he was a witness to material, important facts and indispensable to sustain the action at bar and by such wilful negligence the plaintiff was damaged in

said sum of Two Thousand ($2000.00) Dollars."

The second count charged that said defendants "wrongly and knowingly urged, advised and pressed the plaintiff to accept a compromise and a payment from the then defendant, American Life Insurance Co., which was a reduction of the indebtedness of said American Life Insurance Co., to the plaintiff and a damage to the plaintiff of Two Thousand ($2000.00) Dollars."

The third count charges that said defendants "wrongfully, knowingly and with the intent to deceive the plaintiff advised and insisted that the plaintiff accept a compromise settlement of the case at issue for a sum greatly inadequate, and in order to induce plaintiff to accept such settlement, wrongfully, knowingly and with the intent to deceive, told plaintiff that the Court would rule out from the consideration of the Jury all notes which were in part subject of the controversy then at issue, and relying on said representations the plaintiff was induced to accept a compromise payment of One Hundred Fifty ($150.00) Dollars, which said sum was greatly inadequate and much less that [than] the amount to which plaintiff was entitled."

The complaint in the other case, consisting of a single count, charges that the defendants, Redden and Milner, while employed by plaintiff as attorneys-at-law, to represent him in said litigation and said Insurance Company, "conspired, deceived, intimidated, misrepresented or entered into a collusion to deceive or to defraud the plaintiff in" said suit, in consequence of which he was damaged.

The defendants pleaded the general issue, in short by consent, with leave to offer evidence of any fact that would constitute a defense if specially pleaded.

The sufficiency of said complaints is not a question presented for consideration, as the demurrers interposed thereto were waived.

The evidence offered by the plaintiff goes to show that the former action in which the appellees, Redden and Milner, are alleged to have represented him was the case of said plaintiff against American Standard Life Insurance Co., one appeal of which is reported as American Standard Life Insurance Company v. Johnson, 231 Ala. 94, 163 So. 632, involving an account for commissions due said plaintiff for soliciting and writing insurance, and said plaintiff's interest in certain notes taken from persons to whom policies were issued covering premiums and said plaintiff's commissions, delivered to the Insurance Company in payment of first premiums.

On the trial following the remandment of the case on the appeal above noted, after some of the plaintiff's evidence had been offered and the court had adjourned for the day, the trial to proceed on the following morning, one Simpson, a witness for plaintiff, who had been summoned to prove the value of said notes, was excused. The plaintiff's evidence tending to show that plaintiff consented to excuse the witness, who was a member of the Court of County Commissioners of an adjoining County, on condition that an agreement be procured by his attorneys from the adverse party, that the testimony of the witness on the former trial could be used, leaving the witness to state the condition to his, plaintiff's counsel, Redden and Milner. The witness failed to state the condition to the defendants, but informed them that plaintiff had consented that he might be excused.

The defendants' testimony, and that of the witness Simpson, who testified for plaintiff, was to the effect that said counsel refused to excuse the witness, referring him to plaintiff for permission to go, and when the witness returned to plaintiff's counsel and informed them without stating any condition that plaintiff had excused him, they advised the witness that they had no objections to his going.

The testimony further tended to show that when the court convened next morning there was some difference of opinion as to the effect of this court's opinion on the appeal noted, whether or not the notes were to be treated as cash under the stipulation noted in the opinion or whether the burden was on the plaintiff to offer proof of their value, followed by an intimation from the trial Judge that if plaintiff relied on his counts for conversion or money had and received, the plaintiff had the burden of proving the value of the notes. Stanley v. People's Sav. Bank, 229 Ala. 446, 157 So. 844.

This uncertainty, and the absence of plaintiff's witness by whom he expected to prove the value of the notes culminated in a settlement of the case for $150.

There is an absence of evidence showing or tending to show either conspiracy or fraud on the part of the defendants or either of them.

There were no exceptions reserved by the plaintiff to the ruling of the court on the trial, the only exception being to the overruling of the motion for new trial.

The evidence clearly supports the conclusion of the trial court as expressed in said judgments, and the motion for new trial was properly overruled.

The contention of plaintiff, appellant, that it was the duty of the trial court to appoint counsel to represent him on the trial, because of his inability to obtain counsel, is wholly without merit. The court was under no such duty and was wholly without authority to commandeer such services. Gilchrist v. State, 234 Ala. 73, 173 So. 651.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.