22 So.2d 924

## COOK v. STATE.

### 6 Div. 194.

Court of Appeals of Alabama.

June 5, 1945.

Rehearing Denied June 19, 1945.

Silberman & Silberman and Victor H. Smith, all of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of burglary in the second degree, and his punishment fixed at imprisonment in the penitentiary for the term of five years. Code 1940, Title 14, Section 86.

He had not the benefit of counsel, on his trial.

But after his conviction, counsel appeared for him and filed an elaborate motion to set aside the verdict of the jury and grant him a new trial.

From the judgment of the court overruling this motion this appeal is prosecuted.

Appellant would invoke our revisory action—as we read the carefully prepared brief filed here on his behalf—largely because of the fact that he was tried without benefit of counsel.

In our opinion in the case of Gilchrist v. State, 27 Ala.App. 401, 173 So. 649, 650, among other things we said:

"There is no doubt that it is within the rightful province of the trial court to 'appoint counsel for defendant, unable to employ counsel, in any felony case.' * * *

"And, in view of the discussion by Mr. Justice Sutherland, in the opinion on certiorari to the Supreme Court of Alabama, in the case of Powell et al. v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527, we are persuaded that the wiser, at least safer, course, would be for the trial court to appoint counsel for defendants charged with felonies, who are unable to employ counsel, in all cases."

 But our Supreme Court did not agree with us. And, when the case of Gilchrist v. State, supra, was carried to that court for review on petition for writ of certiorari, it said: "We must not be understood as approving, or as giving our full assent to, all that is said by the Court of Appeals with reference to the appointment, by trial courts, of 'counsel for defendants charged with felonies, who are unable to employ counsel, in all cases.' No such duty rests upon trial courts. The statute only requires that such courts shall appoint counsel for a defendant who is indicted for a capital offense, and who is unable to employ counsel. Code (1923) § 5567 [now Code 1940, Title 15, Section 318]; Campbell v. State, 182 Ala. 18, 62 So. 57. This has been the extent of the duty enjoined upon trial courts, with respect to appointment of attorneys for defendants, since the earliest history of the State. The rule has worked reasonably well, and we can see no good reason for advising a departure from it at this time. We are not impressed that the time has come when defendants charged with felonies, not capital, shall have attorneys ad litem appointed for them. Trial courts can be trusted, we think, to see that every man brought before them, charged with crime, shall have that full measure of protection guaranteed to him by section 6 of the Constitution." 234 Ala. 73, 173 So. 651.

 Of course what the Supreme Court said controls us. Code 1940, Title 13, Section 95. And that is true, we take it, whether what it said was a "decision" or merely an "opinion."

So appellant's argument here, based on the fact that he was "tried without benefit of counsel," is unavailing.

We are unable to see that the trial court failed in its duty to "see that appellant had that full measure of protection guaranteed to him by Section 6 of the Constitution," as our Supreme Court said it could be "trusted to do."

Astute counsel now representing appellant, here, make a sort of blanket argument, highly critical of the way and manner in which the trial was conducted. But no specific ruling or action of the learned trial court is apparent in a way calling for a decision by us.

It is true that there seemed present throughout the trial a degree of informality of which we do not approve. But careful study of the record fails to reveal an instance of what we consider a denial of any of appellant's constitutional rights. It does not even appear that he desired counsel; or that he was financially unable to employ same.

And his counsel's (present counsel's) plaint, that "It clearly appears that he was an ignorant negro and suffered under the handicap of having been previously convicted of grand larceny and had been released on probation a short while before the offense was alleged to have been committed and which fact we think was unduly emphasized by the judge of the court," leaves us cold.

We find no prejudicial error; and the judgment is affirmed.

Affirmed.