64 So.2d 616

## WILLIAMS v. STATE.

6 Div. 582.

Court of Appeals of Alabama.

March 3, 1953.

Rehearing Denied March 24, 1953.

Kelvie Applebaum, Chas. McVea and M. B. Grace, Birmingham, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

**CARR, Presiding Judge.**

The indictment in this case charges burglary and grand larceny. The trial resulted in a conviction under the burglary count.

At the trial in the circuit court the appellant was not represented by counsel. There were no rulings by the court during the progress of the proceedings.

After the judgment of conviction and within the time permitted by law, the appellant employed counsel and filed a motion for a new trial. There was no evidence introduced in support of the grounds of the motion.

■ The insistence is made that a reversal of the judgment below should be ordered because the accused was tried without the aid of counsel.

For aught appearing in the record, the defendant did not request the aid of counsel, but rather chose to conduct his defense according to his own ideas.

The record does establish that the trial judge was very careful and cautious to see that every legal right of the indictee was protected. There is no evidential indication or inference that the defendant's privileges under the Fourteenth Amendment to the United States Constitution were denied.

We had this question for review in the fairly recent case of Smith v. State, 34 Ala.App. 194, 38 So.2d 287. Judge Harwood authored the opinion for the court. He went into the matter with considerable care.

See also, Title 15, § 318, Cumulative Pocket Part, Code 1940; Griffin v. State, 30 Ala.App. 194, 2 So.2d 921; Gilchrist v. State, 234 Ala. 73, 173 So. 651; Green v. State, 27 Ala.App. 209, 170 So. 72; Mackreth v. Wilson, 31 Ala.App. 191, 15 So.2d 112; Bethune v. State, 26 Ala.App. 72, 153 So. 892; Cook v. State, 32 Ala.App. 168, 22 So.2d 924.

■ In brief appellant's counsel urges that a reversal should be ordered because the jury was permitted to separate during the trial proceedings. There is no ground in the motion for a new trial posing this

position. Neither is there any conclusive proof that the jury did separate.

The other matters which are pressed in brief of appellant's counsel are either without merit or not properly before this court for review.

The judgment below is ordered affirmed.

Affirmed.